Dear Mayor Daniels:
Our office received an opinion request from you regarding whether the Mayor's Court in the Town of Campti may properly impose a fine on individuals who do not appear for court as scheduled for traffic violations.
The jurisdiction of the mayor's court is governed by La.R.S. 33.441(A)(1), which provides:
 Except as provided in Chapter 7 of Title 13, there shall be a mayor's court in the municipality, with jurisdiction over all violations of municipal ordinances. The mayor may try all breaches of the ordinances and impose fines or imprisonment, or both, provided for the infraction thereof. Notwithstanding any other provision of law to the contrary, the mayor may also impose court costs not to exceed thirty dollars for each offense, as defined by ordinance, on any defendant convicted of a violation of a municipal ordinance.
The power to impose additional penalties for failure to appear for traffic citations is provided by La.R.S. 32:57(D), which states, in pertinent part:
 . . .However, if the offender fails to pay the fine by mail in advance of adjudication and fails to appear at the time and date indicated on the citation, the court may impose an additional penalty in an amount not to exceed the amount of the fine for the original violation unless the fine was paid by certified mail and the postmark indicates that the payment was mailed on or before the date indicated on the citation. *Page 2 
Please note that there are limitations on the power to impose fines for failure to appear for traffic citations. La.R.S. 32:57(E) and (F) restrict the application of La.R.S. 32:57(D), by providing that this provision does not apply to citations where the operator of the motor vehicle was:
 • Operating the motor vehicle under the influence of alcohol or controlled substances;
 • Exceeding the speed limit by fifteen miles per hour or more;
 • Exceeding the speed limit in a school zone;
 • Driving with a suspended license;
 • Drag racing;
 • Cited for failure to maintain compulsory security;
 • Involved in an accident in which a person was injured; or
 • Alleged to have committed the same offense twice within a one hour period.
Our office has previously addressed this issue in Atty. Gen. Op. No. 02-0322, where our office advised the Mayor of Natchez that it was lawful to impose a $100 fine for a failure to appear in court for traffic offenses when that amount did not exceed the amount of the original violation. Please find a copy of this opinion enclosed for your review.
In conclusion, our office is of the opinion that it is proper for the Mayor's Court in the Town of Campti to impose a penalty for failure to appear for a traffic violation in an amount not to exceed the amount of the fine for the original violation, subject to the above mentioned restrictions.
We hope that this opinion has adequately addressed the legal issues that you have raised. If our office can be of any further assistance, please do not hesitate to contact us.
 Very truly yours,
 JAMES D. "BUDDY" CALDWELL
 ATTORNEY GENERAL
 By: __________________________
 Emalie A. Boyce
 Assistant Attorney General
 JDC: EAB
 OPINION 02-0322 *Page 1 
46-A FEES COSTS
LSA-R.S. 32:641
LSA-R.S. 32:57
We conclude that the $100 fine imposed for failure of the offender to appear in court falls under the additional penalty mentioned in the statute.
Mayor Lloyd Benjamin Village of Natchez P.O. Box 229 Natchez, LA 71456
Dear Mayor. Benjamin:
This office is in receipt of your opinion request of recent date wherein you ask whether the additional $100 fine assessed to those who fail to appear in court is lawful.
Our response is governed by the provisions of Parishwide Schedule of Fines, Penalties and Costs; Written Pleas of Guilty; Payment; Exceptions, LSA-R.S. 32:641. Therein, note that in addition to the corresponding schedule of fines supplementary costs for the violation of traffic offenses may be charged.
The allowance for those supplementary costs, which is applicable, is found in LSA-R.S. 32:641. It states in pertinent part:
 A. The judges of any judicial district may adopt a parishwide schedule of fines, penalties and costs for violations of the traffic laws and regulations of the state of Louisiana or any parish under their jurisdiction, within the limits of such penalties as are set by law, and such schedules shall be applicable as provided hereafter.
 B. Any person apprehended for or charged with the violation of a law or regulation contained in such schedule may deposit a sum of money corresponding to the schedule of fines and costs for the violation of the particular traffic offense charged.
Furthermore, the provisions of Penalties; Alternatives to Citation, LSA-R.S. 32:57 allow the court to impose an additional penalty for failure to appear in court.
The allowance for this additional penalty, which is applicable, is found in LSA-R.S. 32:57(D). It states in pertinent part:
 D. If the offender fails to appear at the time and date indicated on the citation, the court may impose an additional penalty in an *Page 2 
amount not to exceed the amount of the fine for the original violation.
We conclude that the $100 fine imposed for failure of the offender to appear in court falls under the additional penalty mentioned in the statute. The $100 fine can only be used for traffic offenses that exceed a fine of $100 for the original violation. Here the $100 fine does not exceed the fine of $162 for the original violation and is therefore lawful.
 Very truly yours,
 RICHARD P. IEYOUB
 ATTORNEY GENERAL
 BY: _______________________
 PAUL KNIGHT
 ASSISTANT ATTORNEY GENERAL
 PK/kw/jy